## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SCOTT LANGFITT,** | : | **Case No. 1:04-cv-2244** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **CARVER BOAT CORPORATION, L.L.C.,** | : | <u>**ORDER**</u> |
| | : | |
| **Defendant.** | : | |

On January 17, 2006, Defendant Carver Boat Corporation ("Carver") filed its *Suggestion of Death Upon the Record Under Rule 25(A)(1)* (Doc. 65), wherein it "formally" notified the Court of the death of Plaintiff, Scott Langfitt.[1]  To date, Plaintiff has not filed a motion to substitute a new party-Plaintiff for the deceased named-Plaintiff, as contemplated by Federal Rule of Civil Procedure 25(a)(1).

---

[1]     The Court first was made aware of Langfitt's death on October 20, 2005 when Carver disclosed that fact in its motion to re-open fact discovery (Docs. 54 and 55).  Despite its later decision to file a more formal "suggestion of death" (Doc. 65), and following Plaintiff's failure to move to substitute a new party-Plaintiff within ninety (90) days after Carver's disclosure in its discovery motion, Carver filed a motion to dismiss (Doc. 69) arguing that Rule 25's "notice" requirement was satisfied by Carver's acknowledgment of Langfitt's death in its discovery motion.

Plaintiff argued in response that Carver's disclosure <u>in its motion</u> did not satisfy Rule 25's notice requirement and that Rule 25's ninety (90) day time frame did not start to run on October 20, 2005.  In so far as Plaintiff has failed to move to substitute a new party-Plaintiff within ninety (90) days of Carver's later, and more formal, suggestion of death filing, the legitimacy of which Plaintiff has not challenged, the Court need not address whether Carver's October 20, 2005 disclosure <u>in its motion</u> satisfied Rule 25's notice requirement.  Carver's more formal January 17, 2006 filing clearly satisfies Rule 25's requirement and governs.

In pertinent part, Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties . . . [t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . **[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party**. (emphasis added)

In so far as Carver's formal suggestion of death was filed on January 17, 2006, the ninety (90) day deadline for moving to substitute a new party-plaintiff was April 17, 2006. Pursuant to the express terms of Rule 25(a)(1), therefore, Plaintiff's case must be dismissed.

Accordingly, Plaintiff's case is **DISMISSED** for failure to move to substitute a new party-Plaintiff within ninety (90) days after Carver's January 17, 2006 suggestion of death filing (*see* Doc. 65). As a result, the pending motions are denied as moot.

- *Carver's Motion to Limit the Testimony of Plaintiff's Expert Witness Rik Van Hemmen* (Doc. 39) is **DENIED as moot**;

- *Carver's Motion to Bar the Testimony of Plaintiff's Expert Witness Kenneth Green* (Doc. 41) is **DENIED as moot**;

- *Carver's Motion for Partial Summary Judgment* (Doc. 43) is **DENIED as moot**; and

- *Carver Boat Corporation, LLC's Motion to Dismiss* (Doc. 69) is **DENIED as moot**.

**IT IS SO ORDERED.**

                                        s/Kathleen M. O'Malley
                                        **KATHLEEN McDONALD O'MALLEY**
                                        **UNITED STATES DISTRICT JUDGE**


**Dated: April 20, 2006**

2